UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| OSVALDO GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. M-04-270 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART SUMMARY JUDGMENT

### I. BACKGROUND

Before this Court is Defendant's Motion for Summary Judgment. (Doc. 13). Plaintiff Osvaldo Garza originally filed suit against Defendant Allstate Texas Lloyds Company in County Court at Law No. 2, Hidalgo County, Texas, on March 22, 2004. (Doc. 1). Plaintiff purchased a standard Texas Homeowners' Plan B Policy ("Policy") from Defendant, which policy was in effect "for the relevant term." (Doc. 1; Doc. 13, Ex. C).[1] Plaintiff alleges that he became concerned about wetness and mold in his home and "allergic-type symptoms" experienced by his family. (Doc. 1). Plaintiff contacted an attorney, who in turn retained contractors to investigate the damage. *Id.* The investigation allegedly revealed "significant damage due to covered perils, and a probability of other damage," whereupon Plaintiff filed a claim reporting these losses on September 4, 2002. *Id.* Defendant did not accept the claim. *Id.* Plaintiff now alleges causes of action for breach of contract, violations of Articles 21.21 and 21.55 of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act ("DTPA"), all arising out of Defendant's denial of insurance coverage for the alleged water and mold damage to Plaintiff's home. *Id.* Defendant now moves for summary judgment on the grounds that Plaintiff's claims for damages to the hall bathroom, HVAC units, and master bathroom of Plaintiff's home are not covered under the Policy as a matter of law. (Doc. 27).

### II. ANALYSIS

#### A. Summary Judgment Standard

A district court will grant summary judgment when there is no genuine dispute as to any material fact and the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. Facts are material if they might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Summary judgment

---

[1] The parties do not appear to dispute that the Policy was in effect during the time period relevant to the subject claims.

is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party moving for summary judgment has "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The movant may meet this initial burden by submitting evidence that negates the existence of an element of the non-movant's claim or by showing that there is an absence of evidence to support the plaintiff's claim. *Id*. at 323-25.

The burden then shifts to the non-movant to "produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Frank v. Xerox Corp*., 347 F.3d 130, 135 (5th Cir. 2003)(internal citations omitted). Such evidence must establish the existence of a genuine issue and be sufficient to prevent a directed verdict against the non-movant at trial. *Celotex Corp.*, 477 U.S. at 321. While doubts and reasonable inferences regarding the facts are resolved in favor of the non-moving party, the party's conclusory allegations, which are not supported by concrete and specific facts, will not defeat summary judgment. *Anderson*, 477 U.S. at 247.

**B. Hall Bathroom**

Defendant asserts that Plaintiff's claims for damages to three areas in the hall bathroom of his home are barred as a matter of law. (Doc. 13). According to Defendant, the first area concerns a stain reported by Plaintiff on the ceiling above the vanity area. (Doc. 13; Doc. 13, Ex. A at 22). Defendant claims that the summary judgment evidence, including Plaintiff's own expert report, conclusively establishes that a roof leak caused the mold damage at issue, and in fact Plaintiff does not appear to contest this. (Doc. 13; Doc. 13, Ex. B at 533).

This Court has specifically held that despite language in the Policy purportedly excluding coverage for mold damage, the Policy covers mold damage to a dwelling or personal property that *ensues from* an otherwise covered water damage event under the Policy. *Flores v. Allstate Texas Lloyd's Company*, 278 F.Supp.2d 810, 815 (S.D.Tex. 2003). However, the general mold exclusion in the Policy precludes coverage for mold occurring naturally or resulting from a non-covered event, such as deterioration. *Id.* at 814 n.3; *Salinas v. Allstate Texas Lloyd's Company*, 278 F.Supp.2d 820, 824 (S.D.Tex. 2003).

Here, Defendant contends that the loss at issue resulted from wear and tear, deterioration, and/or loss caused by any quality in property that causes it to damage or destroy itself, which losses are not covered under the Policy. (Doc. 13). Defendant also points to the exclusion in the

Policy for loss caused by dampness of atmosphere and extremes of temperature. *Id*.[2] In response, Plaintiff contends, without more, that "wear and tear and dampness of atmosphere...both contain (sic) ensuing loss exception." (Doc. 1).

In support of its position, Defendant appeals to the district court's decision in *Hood v. State Farm Lloyds*, 2004 WL 1490377 (S.D.Tex. 2004). In *Hood*, the evidence pointed to a leaky roof as the cause of mold damage in the plaintiff's home. *Hood*, 2004 WL 1490377 at *2. Relying in part on this Court's reasoning in *Flores* and *Salinas*, the Court in *Hood* found that the mold damage was not an ensuing loss because its cause, deterioration of the roof, is not covered under the Policy. *Id.* The Court explained:

> [The plaintiff] cannot argue that the deteriorated roof caused the leaks, and the leaks are "water damage" that caused the mold. Mold almost always develops from some kind of water problem, but water problems are not always water damage. Traditional water damage is caused by severe storms, a bursting pipe, or broken glass that lets water inside the house. Mold is not an ensuing loss from water damage just because it is caused by water. In this case, a bad roof–not water damage–caused the mold.

*Id.*

Here, Plaintiff has not specifically asserted that the mold damage to the ceiling of the hall bathroom was caused by anything other than roof leaks. The Court agrees with its fellow district court that this Court's own reasoning in *Flores* and *Salinas* supports the conclusion that mold damage resulting from water leaks resulting from gradual roof deterioration is not a loss ensuing from a covered event. Therefore, the Court **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's hall bathroom ceiling claim.

According to Defendant, the second area of damage in the hall bathroom concerns "a large gaping crack in the grout line between the first and second rows of tile encompassing virtually the entire circumference of the hall bath shower." (Doc. 13; Doc. 13, Ex. E). Defendant claims that the crack in the shower resulted from wear and tear, deterioration, and/or loss caused by any quality in property that causes it to damage or destroy itself; therefore, any ensuing damage is not covered under the Policy. (Doc. 13). Plaintiff claims that the crack is a result of the covered peril of foundation movement due to water damage from bath leaks. (Doc. 27; Doc. 27, Ex. 1).

---

[2] The relevant portion of the Policy provides:

f. We do not cover loss caused by:
(1) wear and tear, deterioration or loss caused by any quality in property that causes it to damage or destroy itself....
(3) dampness of atmosphere, extremes of temperature.

(Doc. 13; Doc. 13, Ex. C, Policy at 7).

The Court finds that Plaintiff has provided at least some summary judgment evidence to create an issue of material fact as to whether the damage in the hall bathroom shower was caused by wear and tear, etc. or a shift in foundation. As such, the Court **DENIES** Defendant's Motion for Summary Judgment as to Plaintiff's hall bathroom shower claim. However, the Court notes that the expert report upon which Plaintiff relies is not otherwise admissible at trial, as per the Court's prior order excluding such report.[3]

Finally, Defendant contends that no evidence of a covered loss exists regarding the third area of damage in the hall bathroom–that is, the wall above and behind the vanity. (Doc. 13). Defendant points out that Plaintiff's deposition testimony indicates that Plaintiff is unaware of any leaking water associated with the hall bathroom sink or related area. (Doc. 13; Doc. 13, Ex A at 90). Defendant claims that Plaintiff's testimony confirms the American Leak Detection report findings that there was no leak in that location. (Doc. 13). Defendant admits that the PE Service report attributes the damage to "past plumbing leak(s)" at the hall bathroom vanity and/or toilet but contends that PE Service offers no evidence to substantiate this opinion. (Doc. 13; Doc. 13, Ex. B at 533). Defendant's expert, IEC, attributes the damage to the combined result of water infiltration from a roof leak and localized condensation due to inadequate ventilation within the wall cavity. (Doc. 13; Doc. 13, Ex. F at 17). In sum, Defendant appears to argue that the damage to the hall bathroom wall above and behind the vanity either resulted from leaks that did not occur during Plaintiff's policy period or from a non-covered peril.

In response, Plaintiff argues, without more, that "the discovery of the water damage occurred during the term of the policy issued by Defendant, and hence the discovered loss is covered." (Doc. 27). This Court noted in its prior decision in *Flores* that an insured cannot be said to sustain actual property damage until such damage becomes *manifest*. *Flores*, 278 F.Supp.2d at 815. In other words, the date of the occurrence is when the damage is capable of being easily perceived, recognized, and understood. *Id.* at 816. Here, although Plaintiff states that "the discovery of the damage occurred during the term of the policy," and although Plaintiff generally cites to Defendant's Exhibit B in support of such statement, Plaintiff does not specifically identify the evidence that purports to show when the damage became identifiable–that is, when it manifested itself. Therefore, Plaintiff has not provided summary judgment evidence sufficient to support Plaintiff's claim that the loss, if covered, occurred during the policy period.[4] As such, the Court **GRANTS** Defendant's Motion for Summary Judgment on Plaintiff's hall bathroom wall claim.

## C. HVAC Units

Defendant next contends that Plaintiff's HVAC claim is barred as a matter of law because damage caused by maintenance and/or condensation is an exception to coverage under the Policy. (Doc. 13). Defendant appeals to the HVAC analysis prepared by Climate Control

---

[3] Although summary judgment evidence need not be in "a form that would be admissible at trial," *Celotex Corp.*, 477 U.S. at 324, Fed.R.Civ.P. 56(e) requires the party opposing summary judgment to set forth *facts* that would be admissible in evidence at trial. *See*, *e.g.*, *Love v. Nat'l Med. Enter.*, 230 F.3d 765, 776 (5th Cir. 2000).

[4] The district court does not have a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

Cooling & Heating dated April 9, 2002, which is attached to Plaintiff's water damage and mold assessment report prepared by PE Service. (Doc. 13; Doc. 13, Ex. B at 595-96). Defendant points out that the report concludes in its summary that "[t]he system overall is in poor shape. Bad design and ageing (sic) equipment and materials are the overall problem." *Id.* The report also notes that both air handlers sit in the same closet and have dirty coils, blower motors, and filters. *Id.* In addition, the report notes that "signs of water leakage *at some time* were visible." *Id.* (emphasis added). The report further provides that the duct system is dirty and "in bad shape," with visible air leakage and poor condensers in both systems. *Id.* Furthermore, Defendant notes that its own HVAC expert, CCAC, concurs that both systems are in poor condition and that hot, humid, and dusty air from the attic is entering the system because the air handler closet is not properly sealed. (Doc. 13; Doc. 13, Ex. G). CCAC also reports that the attic air infiltration is causing "sweating at certain times of the year" in both systems. *Id.* Defendant therefore asserts that there is no dispute that any damage stemming from the HVAC system is the result of maintenance and/or condensation issues, both of which are not covered under the Policy. (Doc. 13).

In response, Plaintiff points out that the CCAC report uncovered "evidence of a previous accidental discharge of water [from the A/C system]." (Doc. 27; Doc. 13, Ex. G). The report concluded that "[t]hese water stains appear to be caused by an evaporator coil drain pan overflow, date unknown." *Id.* However, even assuming that some evidence exists of pan overflows in the HVAC units, Defendant further agues that Plaintiff's claim for mold damage resulting from HVAC leaks is barred by the doctrine of concurrent causation. (Doc. 13). This doctrine dictates that "[i]f covered and non-covered perils combine to create a loss, the insured may only recover the amount caused by the covered peril." *E.g.*, *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004). "[T]he insured bears the burden of presenting evidence that will allow the trier of fact to segregate covered losses from non-covered losses." *Id.* Defendant argues that Plaintiff has failed to present evidence showing which portion of the HVAC loss can be attributed to a covered peril–that is, pan overflows in the HVAC units. (Doc. 13).

In response, Plaintiff argues only that the doctrine of concurrent causation does not apply here because Defendant has provided no evidence that any *excluded* peril caused the HVAC loss. (Doc. 27). Plaintiff's argument is simply incorrect. As Defendant has provided some evidence that excluded perils caused the damage in question, and as Plaintiff has failed to set forth *any* evidence that would allow the trier of fact to segregate covered losses from uncovered losses, the Court **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's HVAC claim.

### D. Master bathroom

Defendant further argues that Plaintiff's failure to perform adequate repairs to the master bathroom shower bars his recovery as a matter of law. (Doc. 13). Clearly, Plaintiff's Policy assigns to the insured certain duties regarding repairs. (Doc. 13, Ex. B Policy at 9). The "Duties After Loss" section declares, in relevant part:

> a. Your Duties After Loss.  In case of a loss to covered property caused by a peril insured against, you must:
> (3)(a) protect the property from further damage;
> (b) make reasonable and necessary repairs to protect the property.

*Id.*

Defendant points out that other conditions listed in the "Duties After Loss" section, such as the notice requirement, have been specifically identified as conditions precedent to coverage by Texas courts.  (Doc. 13); *see*, *e.g.*, *Flores*, 178 F.Supp.2d at 815.  Here, Defendant argues that despite its tender of $217.16 to Plaintiff for the purpose of making repairs to the master bathroom shower, Plaintiff and his family did not make any repairs and continued to use the shower even after they were provided a copy of the American Leak Detection report which documented a shower leak.  (Doc. 13; Doc. 13, Exs. A at 59-50, H).  Defendant therefore argues that Plaintiff's failure to comply with the specific condition precedent under the Policy requiring reasonable and necessary repairs to protect the property from continuing damage defeats coverage in this case.  (Doc. 13).

Plaintiff contends that as one repair estimate for Plaintiff's home totaled over $90,000, it was not reasonable for Plaintiff to begin repairs for $217.16.  (Doc. 27).  In other words, to the extent that the Policy's repair requirement is a condition precedent to coverage, Plaintiff complied with such condition precedent because he made all *reasonable* repairs to protect the property.  The Court finds that Plaintiff has raised a genuine issue of material fact as to whether Plaintiff undertook all *reasonable* repairs to protect the master bathroom shower area.  Therefore, the Court **DENIES** Defendant's Motion for Summary Judgment as to Plaintiff's master bathroom claim.

### E.  Extra-contractual claims

Defendant asserts that because it is entitled to summary judgment on all of Plaintiff's contractual claims, it is necessarily entitled to summary judgment on Plaintiff's extra-contractual claims for bad faith and alleged violations of the Texas Insurance Code and DPTA.  (Doc. 13).  Defendant further claims that no evidence exists that Defendant acted in bad faith, especially where, as here, a *bona fide* dispute existed and continues to exist as to the coverage of Plaintiff's claims.  (Doc. 13).

Plaintiff counters that the record contains evidence that Defendant failed to investigate the foundation damage of which Defendant's adjuster was aware.  (Doc. 13).  In support of such argument, Plaintiff cites to an April 22, 2002 claims diary entry that mentions American Leak Detection's finding of "mold on the floor joists."  (Doc. 13, Ex. I).  As Plaintiff has at least set forth some evidence of bad faith, Plaintiff may at this time continue to pursue his bad faith, Insurance Code, and DTPA claims with respect to Defendant's adjustment of his claims.

## III.  CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment on Plaintiff's hall bathroom ceiling, hall bathroom wall, and HVAC claims and **DENIES** Defendant's Motion for Summary Judgment on Plaintiff's hall bathroom shower, master bathroom, and extra-contractual claims.

SO ORDERED this 28th day of September, 2005, at McAllen, Texas.

*[signature: Randy Crane]*
Randy Crane
United States District Judge